THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEYERHAEUSER COMPANY; WEYERHAEUSER NR COMPANY; and ASPEN INSURANCE UK LIMITED,<br><br>      Plaintiffs,<br><br> v.<br><br>AIG PROPERTY CASUALTY, INC.; LEXINGTON INSURANCE COMPANY; NATIONAL INTERSTATE INSURANCE COMPANY; FIRST MERCURY INSURANCE COMPANY; and THE NORTH RIVER INSURANCE COMPANY,<br><br>      Defendants. | Case No. 2:20-cv-01371-RSM<br><br>**LEXINGTON INSURANCE COMPANY'S POSITION REGARDING NATIONAL INTERSTATE INSURANCE COMPANY'S MOTION TO TRANSFER**<br><br>**NOTED ON MOTION CALENDAR: DECEMBER 4, 2020** |

Lexington Insurance Company ("Lexington") submits this brief regarding National Interstate Insurance Company's ("NIIC") Motion to Transfer to the United States District Court for the Central District of California ("NIIC's Motion", Dkt. 14). Although Lexington does not adopt every statement of fact and argument made in NIIC's Motion, Lexington agrees that, for the convenience of the parties and witnesses and in the interest of justice, this lawsuit should be transferred pursuant to 28 U.S.C. § 1404(a).

## I. FACTS

Lexington Follow Form Excess Liability Policy No. 048883243 (the "Lexington Policy") was issued in California and is governed by California law. The Lexington Policy provides limits of $2M excess of the $1M in limits provided by the underlying NIIC Policy No.

GAR 819910003. *See* Dkt. 14-5 at 3. The Lexington Policy was issued to the Named Insured Gardner Trucking, Inc. ("Gardner") at Gardner's address in Chino, California. *Id.* The Lexington Policy includes a two-page "NOTICE," with over-sized, bold, all-caps font concerning Lexington's status as a non-admitted or surplus lines insurer in California. *See* Dkt. 14-5 at 33-34. Conversely, the Lexington Policy contains no provision or endorsement referencing Washington or either of the Weyerhaeuser entities. *See generally* Dkt. 14-5.

## II.     ARGUMENT

Rather than rehashing the arguments in NIIC's Motion, Lexington submits this brief to quickly highlight three important reasons why this lawsuit should be transferred to the Central District of California: 1) the Central District of California has jurisdiction over all the parties; 2) California law applies; and 3) plaintiffs have previously relied on California law.

**A.     Plaintiffs Cannot Establish Personal Jurisdiction Over Lexington In The Western District Of Washington.**

To briefly summarize Lexington's position, plaintiffs will not be able to establish either general or specific jurisdiction with respect to Lexington in the Western District of Washington. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Because Lexington is incorporated in Delaware and maintains its principal place of business in Massachusetts, plaintiffs will not be able to present a plausible argument that Lexington is "at home" in Washington as necessary to establish general jurisdiction. *See Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011).

For specific personal jurisdiction to apply, "the lawsuit must arise out of the defendant's purposeful contacts with the forum state." *Hawthorne v. Mid-Continent Cas. Co.*, No. C16-1948RSL, 2017 WL 1233116 at *4 (W.D. Wash. Apr. 4, 2017). That is, the defendant's relationship with the forum State "must arise out of contacts that the 'defendant *himself*' creates with the forum State," and courts "have consistently rejected attempts to satisfy the defendant-

focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original).

This lawsuit does not arise out of Lexington's purposeful contacts with Washington. The only connection with Washington is that the purported additional insureds Weyerhaeuser Company and Weyerhaeuser NR Company are based here. The fact that Lexington's insured Gardner chose to contract with Washington entities who now argue they are additional insureds is just the type of "random, fortuitous, or attenuated" contact that does not support specific personal jurisdiction. *See Walden*, 571 U.S. at 286 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State.") (Internal citations omitted).

Lexington will fully brief this issue at the appropriate time if necessary. However, for the purposes of the pending motion, the fact that jurisdiction is disputed in this Court but undisputed in the Central District of California weighs in favor of the requested transfer.

**B.     California Law Applies.**

The only connection between Washington and this insurance coverage dispute is that the purported additional insureds are Washington entities. In similar cases, the Western District of Washington has applied the law of the jurisdiction where the policy was issued to the named insured, rather than the law of the jurisdiction where the additional insured was located. *See Costco Wholesale Corp. v. Nationwide Mutual Ins. Co.*, 2012 WL 4320715 at *4 (W.D.Wash. Sept. 20, 2012) (applying California law); *Polygon Northwest Co. v. National Fire and Marine Ins. Co.*, 2011 WL 2020749 at *6 (May 24, 2011) (applying Oregon law).

In *Polygon*, Polygon (a Washington company) was sued in Oregon for injuries that occurred in Oregon. *See* 2011 WL 2020749 at *1. Polygon sought coverage as an additional insured under a policy issued to the named insured in Oregon, and also alleged that the insurer mishandled Polygon's insurance claim in violation of Washington law. *Id.* at *2. In ruling that

Oregon law applied, *Polygon* noted that the "overwhelming majority of the relevant contacts" took place in Oregon, and that "the only significant contact with Washington is Polygon's incorporation here." *Id.* at *6.

In *Costco*, Costco (a Washington company) was sued in California, Nevada, New Mexico, Arizona, and Colorado by consumers who were sickened by cheese produced by Bravo Farms Cheese ("Bravo") (a California company) and retailed by Costco. *See* 2012 WL 4320715 at *1. Costco sought coverage as an additional insured under Bravo's insurance policy and argued for the application of Washington law. *Id.* at *3. However, *Costco* applied California law, because "The only facts supporting a finding that the relationship of the parties is centered in Washington is that the communications between the claims specialist and Costco were received in Washington where Costco is incorporated and has its principal place of business." *Id.* at *4.

Both *Polygon* and *Costco* applied the law of the jurisdiction where the policy was issued to the named insured, because the additional insured's presence was the only Washington connection. That is the exact situation presented here. The only contact with Washington is that the Weyerhaeuser entities are located here. California has the most significant relationship to this dispute and the parties, and California law should therefore apply.

**C.     Plaintiffs Have Previously Relied On California Law.**

Prior to filing their complaint on August 4, 2020, none of the plaintiffs contended that Washington law applied to this matter. The underlying lawsuit was filed against Weyerhaeuser Company on January 15, 2017, and was settled on March 18, 2020. Throughout this period, all parties to the lawsuit proceeded as though California law applied to the coverage issues. On January 31, 2020, Aspen sent a detailed letter to defendants communicating its coverage position. *See* Dkt. 14-17 at 6. That letter did not reference Washington law at all, but did cite *Acceptance Ins. Co. v. Syufy Enterprises*, 69 Cal. App. 4th 321, 327 (Cal. App. 1st Dist. 1999) in support of Aspen's position. *Id.* Under these circumstances, plaintiffs cannot credibly argue

LEXINGTON INSURANCE COMPANY'S POSITION
REGARDING NATIONAL INTERSTATE INSURANCE
COMPANY'S MOTION TO TRANSFER - 4

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550

that the Central District of California is not the most appropriate jurisdiction for this dispute.

### III.     CONCLUSION

Lexington respectfully requests that the Court transfer this case to the United States District Court for the Central District of California.

DATED: November 25, 2020

JENSEN MORSE BAKER PLLC

By *s/ Gabriel Baker*
Gabriel Baker, WSBA No. 28473
Benjamin J. Roesch, WSBA No. 39960

Attorneys for Defendants Lexington Insurance Company

# CERTIFICATE OF SERVICE

Pursuant to RCW 9A.72.085, the undersigned certifies, under penalty of perjury under the laws of the State of Washington, that on the 25th day of November, 2020, the document attached hereto was delivered to the below counsel in the manner indicated.

| | |
|---|---|
| *Counsel for Plaintiffs Weyerhaeuser Company and Weyerhaeuser NR Company*<br>Michael A. Moore, WSBA No. 27047<br>Jocelyn J. Whiteley, WSBA No. 49780<br>Corr Cronin LLP<br>1001 Fourth Avenue; Suite 3900<br>Seattle, WA 98154-1051<br>mmoore@corrcronin.com<br>jwhitely@corrcronin.com | ☒ Via CM/ECF<br>☐ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Facsimile<br>☐ Via Courier<br>☐ Via Overnight delivery |
| *Counsel for Plaintiff Aspen Insurance UK Limited*<br>Eliot M., Harris, WSBA No. 36590<br>Miles J. M. Stewart, WSBA No. 46067<br>Williams Kastner & Gibbs, PLLC<br>601 Union Street; Suite 4100<br>Seattle, WA 98101-2380<br>eharris@williamskastner.com<br>mstewart@williamskastner.com | ☒ Via CM/ECF<br>☐ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Facsimile<br>☐ Via Courier<br>☐ Via Overnight delivery |
| *Counsel for First Mercury Insurance Company and The North River Insurance Company*<br>Thomas Lether, WSBA No. 18089<br>Sam Colito, WSBA No. 31863<br>Lether Law Group<br>1848 Westlake Avenue N, Suite 100<br>Seattle, WA 98109-8801<br>tlether@letherlaw.com<br>scolito@letherlaw.com | ☒ Via CM/ECF<br>☐ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Facsimile<br>☐ Via Courier<br>☐ Via Overnight delivery |
| *Counsel for National Interstate Insurance Company*<br>Robert A. Meyers, WSBA No.<br>Clyde & Co.<br>701 Fifth Avenue; Suite 4200<br>Seattle, WA 98104<br>Bob.meyers@clydeco.us | ☒ Via CM/ECF<br>☐ Via electronic mail<br>☐ Via U.S. Mail, postage prepaid<br>☐ Via Facsimile<br>☐ Via Courier<br>☐ Via Overnight delivery |

| | |
|---|---|
| *Counsel for National Interstate Insurance Company* <br> Alexander E. Potente <br> Clyde & Co. <br> Four Embarcadero Center; Suite 1350 <br> San Francisco, CA 94111 <br> Alex.potente@clydeco.us | ☒ Via CM/ECF <br> ☐ Via electronic mail <br> ☐ Via U.S. Mail, postage prepaid <br> ☐ Via Facsimile <br> ☐ Via Courier <br> ☐ Via Overnight delivery |

DATED this 25th day of November, 2020.

By */s/ Gabriel Baker*
Gabriel Baker

---

LEXINGTON INSURANCE COMPANY'S POSITION REGARDING NATIONAL INTERSTATE INSURANCE COMPANY'S MOTION TO TRANSFER - 7

JENSEN MORSE BAKER PLLC
1809 SEVENTH AVENUE, SUITE 410
SEATTLE, WASHINGTON 98101
PHONE: 206.682.1550